```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  BOBBIE J. MONTOYA
    Assistant U.S. Attorney
 3  501 "I" Street, Room 10-100
    Sacramento, California  95814
 4  Telephone:  (916) 554-2726

 5  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
 6
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) <br> ) <br> Plaintiff,       ) <br> ) <br> v.       ) <br> ) <br> ) <br> ) <br> CURTIS JAMES TURNER,       ) <br> ) <br> Defendant.       ) <br> ) <br> ) <br> _____) | NOTICE OF POST-JUDGMENT ENFORCEMENT TO COLLECT A CRIMINAL JUDGMENT; REQUEST FOR ISSUANCE OF CIVIL MISCELLANEOUS DOCKET NUMBER WITH ASSIGNMENT OF UNITED STATES MAGISTRATE; NOTICE OF SUBSTITUTION OF ATTORNEY |

On October 2, 2000, defendant Curtis James Turner, was sentenced in the Eastern District of California, criminal action number 1:99CR05321-AWI, to pay a fine and/or restitution (copy of criminal judgment is appended hereto as Exhibit "1"); and on August 15, 2001, a Notice of Lien For Fine/Restitution Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 was recorded in Fresno County, California,  (copy of the recorded Lien is appended hereto as Exhibit "2").

//

//

//

REQUEST FOR ISSUANCE OF CIVIL MISCELLANEOUS DOCKET
NUMBER WITH ASSIGNMENT OF UNITED STATES MAGISTRATE

Pursuant to 28 U.S.C. § 3008 and Local Rule 72-302(c)(7), the United States Attorney hereby requests assignment of a United States magistrate by way of the issuance of a civil miscellaneous docket number for post-judgment collection pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 et seq. Criminal fine and restitution judgments are enforced using the practices and procedures for enforcement of civil judgments (18 U.S.C. § 3613(a)).

NOTICE OF SUBSTITUTION OF ATTORNEY

In addition, the United States respectfully informs this Court and requests modification of the court records to reflect and substitute Assistant United States Attorney Bobbie J. Montoya as the attorney of record in these post-judgment collection proceedings.

DATED: 6/7/07

McGREGOR W. SCOTT
United States Attorney

BOBBIE J. MONTOYA
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers.

That on 6/11/07, she served a copy of the attached NOTICE OF POST-JUDGMENT ENFORCEMENT TO COLLECT A CRIMINAL JUDGMENT; REQUEST FOR ISSUANCE OF CIVIL MISCELLANEOUS DOCKET NUMBER WITH ASSIGNMENT OF UNITED STATES MAGISTRATE; NOTICE OF SUBSTITUTION OF ATTORNEY, by placing a copy in a postpaid envelope addressed to the person(s) hereinafter named, and to the address(es) listed below, which is/are the last known address(es), and by depositing the envelope(s) with contents described above in the United States mail at Sacramento, California.

Addressee:   Curtis James Turner
             8060 N Glenn Ave, Apt#: 223
             Fresno, CA   93711-6853

EVANGELINE D. DIZON
Financial Litigation Unit

# United States District Court
## Eastern District of California

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| **CURTIS JAMES TURNER** | Case Number: **1:99CR05321-AWI** |
| | **MARC AMENT** |
| | Defendant's Attorney |

**THE DEFENDANT:**

[✔] pleaded guilty to count(s): ONE of the Indictment .
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1341 | MAIL FRAUD | 11/30/96 | ONE |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s)

[ ] Count(s) ___ (is)(are) dismissed on the motion of the United States.

[ ] Indictment is to be dismissed by District Court on motion of the United States.

[ ] Appeal rights given.          [✔] Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: ___-1436

Defendant's Date of Birth: _____

Defendant's USM No.: 00000-000

Defendant's Residence Address:

Defendant's Mailing Address:

October 2, 2000
Date of Imposition of Judgment

_/s/_
Signature of Judicial Officer

**ANTHONY W. ISHII**, United States District Judge
Name & Title of Judicial Officer

9-4-00
Date

**EXHIBIT 1**

| | |
|---|---|
| CASE NUMBER: 1:99CR05321-AWI | Judgment - Page 2 of 7 |
| DEFENDANT: CURTIS JAMES TURNER | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 5 months .

[✔] The court makes the following recommendations to the Bureau of Prisons:
The Community Sanction Center, Turning Point, Fresno, California

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[✔] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[✔] before 2:00 p.m. on 11/02/2000 .
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.
If no such institution has been designated, to the United States Marshal for this district.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

CASE NUMBER:      1:99CR05321-AWI                                      Judgment - Page 3 of 7
DEFENDANT:        CURTIS JAMES TURNER

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 36 months.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

[✔]   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]   The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

CASE NUMBER:     1:99CR05321-AWI                                               Judgment - Page 4 of 7
DEFENDANT:       CURTIS JAMES TURNER

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall not dispose of or otherwise dissipate any of his assets until the fine and/or restitution order by this judgment is paid in full, unless the defendant obtains approval of the court.

3. The defendant shall provide the probation officer with access to any requested financial information.

4. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

5. As directed by the probation officer, the defendant shall participate in a correctional treatment program to obtain assistance for drug or alcohol abuse.

6. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) To determine if he has reverted to the use of drugs or alcohol.

7. As directed by the probation officer, the defendant shall participate in a program of mental health treatment, which may include the taking of prescribed psychotropic medication.

8. The defendant shall comply with the conditions of home detention for a period not to exceed 150 consecutive days to commence when directed by the probation officer. During this time, the defendant will remain at place of residence except for employment and other activities approved in advance by the defendant's probation officer. The defendant will maintain telephone service at his place of residence without an answering device, call forwarding, a modem, caller ID, call waiting, or a cordless telephone for the above period.

   At the discretion of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures as specified by his probation officer. The defendant shall pay the cost of electronic monitoring as determined by the probation officer.

CASE NUMBER:    1:99CR05321-AWI                                         Judgment - Page 5 of 7
DEFENDANT:      CURTIS JAMES TURNER

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|         | Assessment | Fine | Restitution  |
|---------|------------|------|--------------|
| Totals: | $ 100.00   | $    | $ 226,228.46 |

[ ] If applicable, restitution amount ordered pursuant to plea agreement .......... $_____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [ ] The interest requirement is waived.

  [ ] The interest requirement is modified as follows:

## RESTITUTION

[ ] The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [ ] The interest requirement is waived.

  [ ] The interest requirement is modified as follows:

[✔] The defendant shall make restitution to the following payees through the U.S. District Court, in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
|   | 226,228.46 | 226,228.46 | 1 |
| Vernon Hills, Illinois 60061 |   |   |   |
| TOTALS: |   | $ 226,228.46 | $_ |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

CASE NUMBER:     1:99CR05321-AWI                                     Judgment - Page 6 of 7
DEFENDANT:       CURTIS JAMES TURNER

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    [✔] immediately; or

B    [ ]    $ _ immediately, balance due (in accordance with C, D, or E); or

C    [ ]    not later than _ ; or

D    [ ]    in installments to commence _ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E    [ ]    in _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _ day(s) after the date of this judgment.

Special instructions regarding the payment of criminal monetary penalties:


[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

---

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.

The STATEMENT OF REASONS, Judgment, p. 7, is redacted pursuant to Local Rule 39-140, because it contains information subject to privacy concerns.

Recorded at the Request of:

UNITED STATES

After recording return to:

United States Attorney
Attn: Roland Aganon
Financial Litigation Unit
501 I Street, Suite 10-100
Sacramento, CA 95814
(916) 554-2726



Fresno County Recorder
William C. Greenwood
**DOC- 2001-0116145**
Acct  220-U S Attorney
Wednesday, AUG 15, 2001 13:03:45
TCF    $0.00 MOD    $1.00 MIC    $1.00
DRF    $5.00
Ttl Pd    $7.00         Nbr-0000610890
                                    rgr/R4/1-1

## UNITED STATES DEPARTMENT OF JUSTICE

Notice of Lien for Fine/Restitution Imposed Pursuant To
The Anti-Terrorism And Effective Death Penalty Act of 1996
(18 U.S.C. § 3613(a))

Notice is hereby given of a lien in favor of the United States against the property of the defendant named below. Pursuant to Title 18, United States Code, § 3613(a), a fine imposed pursuant to the provisions of subchapter C of chapter 227 or an order of restitution imposed pursuant to the provisions of chapter 232 is a lien in favor of the United States upon all property belonging to the person fined or ordered to pay restitution. Pursuant to § 3613(d), a notice of lien shall be considered a notice of lien for taxes for the purposes of any State or local law providing for the filing of a tax lien. The lien arises at the time of the entry of judgment, and continues until the liability is satisfied, remitted, or set aside, or for a fine, until it becomes unenforceable pursuant to § 3613(b).

Name of Defendant:   Curtis James Turner          SSN:          1436

Residence:                      Fresno, CA 93711

Amount of Assessment/Fine:   $100.00         Amount of Restitution:   $226,228.46

Court Imposing Judgment:   U.S. District Court, E.D. of California

Court Number:   CR F 99-5321-AWI

Date of Judgment:   October 2, 2000          Date of Entry of Judgment:   October 4, 2000

Rate of Interest When Payment Is Deferred By the Court:    18 U.S.C. § 3612(f)

If payment becomes past due, possible penalties totaling 25 percent of the principal amount due may arise. (18 U.S.C. § 3612(g)).

Important Release Information: With respect to liens for fines only, this notice shall operate as a Certificate of Release pursuant to 18 U.S.C. § 3613(b) by operation of law, but no earlier than 20 years from the date of judgment plus any additional incarceration, or upon the death of the defendant, whichever occurs first.

This notice was prepared and signed at Sacramento, California on _____AUG  3 2001_____.

JOHN K. VINCENT
United States Attorney

By: *Ana Maria Martel*
ANA MARIA MARTEL
Assistant U.S. Attorney

LIENS & ABSTRACTS
VOUCHER TO ADMIN: 9
TALON DATA ENTRY: 1/20/01
CREDIT BUREAU COPY:

**EXHIBIT 2**